IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JACKIE MERKISON,

    Petitioner,

v.                        CASE NO. 4:16-cv-106-WS-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on February 5, 2016, by filing ECF No. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

In the petition, Petitioner challenges his 2004 state court conviction and sentence for sexual battery on a child under twelve years of age by a defendant eighteen years of age or older and lewd or lascivious molestation. (ECF No. 1.)[2] Petitioner did not, however, file his petition on the court-approved form for petitions under 28 U.S.C. § 2254 for writ of

---

[1] Under the mailbox rule, a *pro se* prisoner's petition is filed on the date it is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

[2] Petitioner's petition only provided the case number and adjudicating court for the conviction and sentence he challenges. Accordingly, the Court takes judicial notice of his offenses of conviction.

habeas corpus by a person in state custody. Accordingly, the Court directed Petitioner to file an amended petition on the court-approved form by March 23, 2016. (ECF No. 4.)

Instead of filing an amended petition on the court-approved form as directed, Petitioner filed a notice advising the Court that the Court erroneously construed his claim as a civil claim. (ECF No. 5.) He stated that he does not intend to file a civil claim and requested that the Court transfer his motion back to the criminal division of the United States District Court in Tallahassee, Florida for review and ruling on the alleged errors. (*Id.*) He asserted that the Court's order came from the undersigned in Gainesville, Florida, but that the Gainesville Division does not have jurisdiction over his case. (*Id.*)

The Court advised Petitioner that he was incorrect because although his case was assigned to a magistrate judge sitting in the Gainesville Division, his case is nonetheless pending in the Tallahassee Division. (ECF No. 6.) The Court also advised Petitioner that to the extent his petition is an attempt to collaterally attack his criminal conviction via a petition for writ of error coram nobis under 28 U.S.C. § 1651(a), Petitioner is ineligible for coram nobis relief because he is in custody pursuant to a state criminal

judgment. (*Id.*)[3] The Court explained that the appropriate avenue of relief for Petitioner is via a habeas corpus petition under § 2254. (*Id.*) Petitioner was therefore directed to file an amended petition on the court-approved form by April 18, 2016. (*Id.*)

On June 9, 2016, the Court received Petitioner's first amended petition on the court-approved form. (ECF No. 10.) Petitioner, however, omitted multiple pages of the form, which include pertinent questions regarding the petition, such as previously filed petitions and timeliness. (ECF No. 11.) Petitioner also did not date his petition nor did he provide two service copies of the amended petition as directed. Accordingly, the Court ordered Petitioner to file a second amended petition along with two service copies by July 11, 2016. (*Id.*) Petitioner was advised that failure to comply with the Court's order or to show cause as to why he is unable to comply may result in the dismissal of his case for failure to prosecute and failure to comply with an order of this court. Petitioner subsequently filed a

---

[3] "A petition for writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief . . . ." *Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013) (citing *United States v. Morgan*, 346 U.S. 502, 507, 510–511 (1954)). "However, coram nobis is not available in federal courts as a means to attack state criminal judgments." *Llovera v. Florida*, 576 F. App'x 894, 896 (11th Cir. 2014).

*Case No: 4:16-cv-106-WS-GRJ*

motion for extension of time, which the Court granted. (ECF No. 15.)

Petitioner then filed his second amended petition on August 10, 2016. (ECF No. 16.) Again, Petitioner failed to follow the Court's directions. The second amended petition only contained five pages of the fourteen page court-approved form and did not include answers to pertinent questions, such as previously filed petitions and timeliness. (ECF No. 17.) Petitioner also only provided one service copy of the petition. (*Id.*) In addition, Petitioner attached five handwritten pages asserting various alleged problems with his case but it was unclear whether they were additional grounds for relief or merely supporting facts. (*Id.*) Moreover, although Petitioner failed to include information regarding previously filed petitions, a review of PACER revealed that Petitioner previously filed a petition under § 2254 in this Court. (*Id.*); *Jackie Merkison v. Julie Jones*, No. 4:14-cv0376-MW-CAS, ECF No. 1 (N.D. Fla. July 14, 2014). The Court denied Petitioner's previous petition because the petition did not raise a cognizable federal claim and because the petition was untimely. *Id.*

The Court advised Petitioner that in order to file a second or successive § 2254 petition, Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. (*Id.*) (citing 28

U.S.C. § 2244(b)(3)(A); *Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007)). A review of PACER revealed that Petitioner has not sought authorization from the Eleventh Circuit to file a second or successive § 2254 petition. (*Id.*)

The Court also advised that while the second amended petition failed to include information regarding the timeliness of the petition, it appears that the petition is also untimely. (*Id.*) Because the Court reviewing Petitioner's first petition determined that the petition was untimely, absent newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, the instant petition would also be untimely. (*Id.*) (citing § 2244(d)(1)). Nothing in Petitioner's second amended petition suggested that it meets one of these requirements. (*Id.*)

Accordingly, the Court directed Petitioner to show cause by September 26, 2016 as to why his second amended petition should not be dismissed as an unauthorized, second or successive petition, as well as for failure to follow an order of the Court. Petitioner was advised that failure to do so would result in a recommendation to the district judge that the second amended petition be dismissed. (*Id.*) As of the date of this report

and recommendation Petitioner has failed to respond to the Court's order to show cause.

Petitioner's second amended petition should be dismissed for two reasons. First, Petitioner has failed to comply with court orders. A district court has the inherent authority to manage its own docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967). Petitioner has repeatedly failed to follow the Court's orders. The second amended petition should therefore be dismissed for failure to prosecute and failure to comply with court orders.

Secondly, Petitioner's second amended petition is an unauthorized second or successive petition. The dismissal of Petitioner's first § 2254 as untimely constitutes an adjudication on the merits for the purposes of invoking the second or successive petition requirements of § 2244(b)(3). *See Jordan v. Sec'y, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir.

2007) (requiring petitioner to obtain an order from the appellate court prior to filing a second or successive § 2254 petitioner after the first § 2254 petition was dismissed as untimely); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the save conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (a previous § 2254 petition dismissed as untimely constitutes an adjudication on the merits because a statute of limitations bar operates as an irremediable defect barring consideration of the substantive claims). Absent authorization from the court of appeals, this Court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

The dismissal of Petitioner's prior § 2254 petition operates as an adjudication on the merits, thereby requiring him to obtain authorization from the Eleventh Circuit prior to filing his case in this Court. Petitioner has not demonstrated that he has obtained the requisite authorization. Accordingly, this Court lacks authority to consider his Petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that the second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 16, should be **DISMISSED**.

**IN CHAMBERS** this 31st day of October, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.